*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson, USBJ* (609) 858-9351

October 23, 2013

Adam G. Rosenberg, Esquire
Vella, Singer and Martinez, P.C.
326 Main Street
Metuchen, New Jersey 08840

Christopher Roy Higgins, Esquire
Law Offices of Steven J. Sico
235 Main Street
Woodbridge, New Jersey 07095

      Re:    Brian S. Petrow
            Case No. 12-40002

            Leonard Gerardo vs. Brian S. Petrow
            Adversary No. 13-1373

            Motion to Dismiss Adversary Proceeding
            (Doc. #6)

Dear Counselors:

      The court took oral argument on the Defendant's motion to dismiss on October 15, 2013. The Defendant seeks dismissal on two bases: (1) failure to plead fraud with specificity; and (2) failure to state a claim on which relief can be granted. The Plaintiff opposes the motion, and filed a motion for summary judgment, which the court denied in a separate order. The following constitutes the court's findings of fact and conclusions of law on the motion to dismiss.

      Federal Rule of Civil Procedure 12(b)(6) provides that a claim for relief may be dismissed for "failure to state a claim upon which relief can be granted". The Supreme Court tightened the pleadings standards in <u>Bell Atlantic Corp. v. Twombly</u>[1], and <u>Ashcroft v. Iqbal</u>.[2]

---

[1] 550 U.S. 544 (2007)

The Third Circuit has subsequently observed that "The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."[3]  Even under the heightened pleading standard post-Twombly, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[4]

Count 2 of the Complaint is premised on 523(a)(2)(B).  That Code section exempts from discharge any debt incurred by: "use of a statement in writing – (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive."  11 U.S.C. 523(a)(2)(B).  Count 2 fails to state a claim because it does not allege that the "statement in writing" that the landlord claims to have relied on was "respecting the debtor's or an insider's financial condition".  The writings referred to in Count 2 are the allegedly fabricated receipts provided by the Defendant as proof that he paid the rent.  Even assuming those receipts were materially false and that the Plaintiff's reliance on them was reasonable, the writings do not concern the debtor's financial condition.  The writings concern a single fact – the payment or non-payment of rent.  Therefore, the facts alleged fail to state a claim under 523(a)(2)(B) and Count 2 will be dismissed.

Count 4 is also based on 523(a)(2)(B), and is premised on fabricated rent receipts.  Count 4 will be dismissed for the same reasons as Count 2.

Count 3 is based on 523(a)(6).  That Code section exempts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."[5]  The sole factual support for Count 3 is that the "defendant/debtor listed the debt owed to the plaintiff/creditor as part of the debts he is seeking to discharge in his application for bankruptcy relief."[6]  The Supreme Court has clarified that under § 523(a)(6), "non-dischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998).  The Debtor exercising his right under federal law to file for bankruptcy was not an intentional injury inflicted upon the Plaintiff.  It would be a perversion of 523(a)(6) to allow the mere filing of a bankruptcy petition and listing a debt to be used to block a debtor from discharging a debt.  If the Plaintiff believes that the filing of the bankruptcy petition was an abuse of the bankruptcy process, the proper procedure would be to file a motion to dismiss the case as a bad faith filing, not to bring a dischargeability complaint.

---

[2] 556 U.S. 662 (2009)
[3] Phillips v. County of Allegheny,  515 F.3d 224, 234 (3d Cir. 2008)
[4] McTernan v. City of York, PA, 564 F.3d 636, 646 (3d Cir. 2009)
[5] 11 U.S.C. 523(a)(6)
[6] Para. 3 of Count 3

Count 3 simply does not establish a cause of action under 523(a)(6). The operative language in § 523(a)(6) embodies two distinct requirements: willfulness and malice.[7] Accordingly, a creditor had the burden to establish both willfulness and malice by a preponderance of the evidence.[8] Viewing Count 3 in the light most favorable to the Plaintiff, the court could find that the Debtor acted willfully in filing the bankruptcy petition, but not that he acted maliciously. In a previous opinion, this court has found that "the concept of malice has another dimension—that the debtor's conduct be wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will."[9] The court finds that no "reasonable reading of the complaint" would support an expectation that the Plaintiff can establish that the filing of the bankruptcy petition was wrongful and without just cause or excuse.[10] The Plaintiff is not the only creditor listed in the bankruptcy petition, there are numerous unsecured debts listed, including many medical expenses.

Count 5 is also based on 523(a)(6), the only difference being that Count 5 seeks to exempt from discharge the attorney's fees incurred in this action while Count 3 concerns the attorney's fees incurred in the state court matter. Count 5 will be dismissed for the same reasons as Count 3.

The purpose of 12(b)(6) motions is to weed out "actions that are fatally flawed in their legal premise and destined to fail, and thus spare the litigants the burdens of unnecessary pretrial and trial activity."[11] Although allowing an amendment to a pleading should be freely granted under Federal Rule of Civil Procedure 15, but one of the exceptions is when the amendment would be futile.[12] Futility of amendment is characterized as a complaint which, as amended, would fail to state a claim upon which relief could be granted.[13] The court finds that no amendment would remedy the fundamental flaws noted in Counts 2 – 5 and therefore dismissal under Rule 12(b)(6) is appropriate.

That leaves only Count 1, which is based on 523(a)(2)(A). That Code section exempts from discharge debts obtained by "false pretenses, a false representation, or actual fraud".[14] The Defendant argues that Count 1 should be dismissed because it fails to plead fraud with specificity as required by Federal Rule of Civil Procedure 9(b). As the Defendant correctly notes, the

---

[7] Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶ 523.12 [2] (16th ed.2009); In re Fechnay, 425 B.R. 212 (Bankr. E.D. Pa. 2010)
[8] In re Ormsby, 591 F.3d 1199 (9th Cir. 2010)
[9] In re Pearman, 432 B.R. 495, 500 (Bankr. D.N.J. 2010) (*quoting* Viener v. Jacobs (In re Jacobs), 381 B.R. 128 (Bankr. E.D. Pa. 2008))
[10] McTernan v. City of York, PA, 564 F.3d 636, 646 (3d Cir. 2009)
[11] In re Allserve Sys. Corp., 379 B.R. 69, 75 (Bankr. D.N.J. 2007) (internal citations omitted)
[12] Forman v. Davis, 371 U.S. 178 (1962)
[13] Skretvedt v. E.I. Dupont De Nemours and Company, 119 F. Supp. 2d 444, 457 (D. Del. 2000); In re Fleming Cos., Inc., 347 B.R. 163, 167–68 (Bankr. D. Del. 2006) ("Futility of amendment exists when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue. Thus, a trial court may appropriately deny a motion to amend where the amendment would not withstand a motion to dismiss.")
[14] 11 U.S.C. 523(a)(2)(A)

Complaint fails to indicate the "who, what, when, where and how" of the fraud complained of.[15] The court agrees.

There are no specifics at all in Count 1. The only way Count 1 can even be understood is with reference to the Procedural History. That section alleges that the Defendant failed to pay rent from December 2010 – July 2011 (with the exception of April and July 2010).[16] It further alleges that on June 29, 2011 the Plaintiff notified the Defendant that if he did not pay his rent arrears he would be required to vacate the property.[17] Based on a generous reading of the Complaint, it would seem that the Plaintiff is alleging that in response to the June 29, 2011 communication[18] the Defendant's representative[19] told the landlord that the rent had been paid and that receipts would be provided. The complaint implies that it was in reliance on that communication that the landlord decided not to immediately commence an eviction proceeding. If that is correct, then the amount of damages claimed is grossly overstated. Section 523(a)(2)(A) only exempts from discharge debts "to the extent obtained by" fraud. Accordingly, only rent due <u>after</u> the Defendant's representative told the landlord that receipts would be provided would be subject to discharge. The same reasoning applies to the claim for attorney's fees. Only attorney's fees directly related to a proven misstatement made by the Defendant would possibly be exempt from discharge under 523(a)(2)(A).[20] Finally, the damages claimed in Count 1 included $200 for carpet cleaning. That is a purely contractual claim and has no place in a 523 action and will be dismissed.

The court finds that Count 1 fails to plead fraud with specificity and must be amended. The Plaintiff suggests that the lack of specificity in the complaint can be remedied by looking to the certifications submitted in opposition to the motion to dismiss or at the motion for summary judgment. That is an untenable solution because Federal Rule of Bankruptcy Procedure 7012(d) provides that if a court chooses to consider matters outside the pleadings on a 12(b)(6) motion that the motion should be treated as one for summary judgment. The court has already denied the Plaintiff's motion for summary judgment in this matter because the crucial fact in the case – the payment or non-payment of rent – is hotly contested by the parties. Accordingly, the court concludes that the only way to remedy the deficiencies in Count 1 is for the Plaintiff to file an amended complaint. **Plaintiff should do so within 7 days of this opinion**.

The Defendant includes in his motion to dismiss a request for sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011. That request must be denied because the rule requires that a "motion for sanctions under this rule shall be made separately from other motions

---

[15] <u>Wanland & Assoc. v. Nortel Networks Ltd (In re Norvergence, Inc.)</u>, 384 B.R. 315 (D.N.J. 2008)

[16] Complaint, Section IV, para 10

[17] Complaint, Section IV, para 11

[18] The Complaint does not indicate if it was a letter or an oral communication.

[19] The Complaint does not indicate if this "representative" was an attorney and the date on which this representation was made.

[20] Even if the Plaintiff prevailed on the attorney's fees portion of its claim, it would be limited to reasonable fees and it is difficult to imagine how $23,480 in fees is reasonable to collect $10,750 in unpaid rent.

or requests."[21]  The court's denial of the request on procedural grounds should not be interpreted as an invitation to file a new 9011 motion, because the survival of Count 1 (as amended) would likely preclude a finding that the entire complaint was frivolous.

      The Defendant should submit a form of order in accordance with this opinion.  The parties should keep the court informed of ongoing settlement negotiations.

                                                                                      ***/s/ Kathryn C. Ferguson***
                                                                                    KATHRYN C. FERGUSON
                                                                                    US Bankruptcy Judge

---

[21] Fed. R. Civ. P. 9011(c)(1)(A)